**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4824**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LESSNER ANTWON GILLIARD,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (CR-04-297)

———————

Submitted:  June 13, 2005          Decided:  July 26, 2005

———————

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Robert Haley, Charleston, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Alston C. Badger, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lessner Antwon Gilliard pleaded guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000). The maximum penalty for that offense is ten years. 18 U.S.C. § 924(a)(2) (2000). Gilliard was sentenced to seventy months in prison, to be served consecutively to a state sentence that he was then serving. Gilliard now appeals his sentence. We affirm.

Gilliard's presentence report assigned him a base offense level of 24 because he had two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2003). Gilliard contended in the district court and argues on appeal that whether he had the two prior convictions was a factual determination that under Blakely v. Washington, 124 S. Ct. 2531 (2004), was required to be charged in the indictment and either proven to a jury beyond a reasonable doubt or admitted in his guilty plea.

In both Blakely and United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court reaffirmed its holding in Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998), that the fact of a prior conviction need not be proven to a jury beyond a reasonable doubt. Blakely, 124 S. Ct. at 2536 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)); accord Booker, 125 S. Ct. at 756. Here, the record is clear on its face, and Gilliard does not

dispute, that he had the requisite qualifying felony convictions. Thus, there was no error under <u>Blakely</u> or <u>Booker</u>.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>